# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL NO. 19-414 |
| v. | : | |
| IMAD DAWARA | : | |

### PRETRIAL DETENTION ORDER

AND NOW, this 22 day of October 2019, after an evidentiary hearing and argument of counsel for the government and the defendant, the Court finds that:

(a) the government has proved by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required; and

(b) the government has proved by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community, as required by Title 18, United States Code, Section 3142(e).

The Court makes the following findings of fact:

This case is appropriate for detention under Title 18, United States Code, Section 3142(e) because:

A. There is probable cause to believe that the defendant has violated Title 18, United States Code, Sections 844(n) (conspiracy to commit arson); 844(m) (conspiracy to use fire to commit a federal felony); 844(i) (malicious damage by means of fire of a building used in

interstate commerce); 1343 (wire fraud); 1341 (mail fraud); 844(h) (use of fire to commit a federal felony); and, 2 (aiding and abetting), as charged in the Indictment.

        B.       The evidence in this case is strong and shows that on February 18, 2018, the defendant and his brother, co-defendant Bahaa Dawara, conspired to and did destroy 239 Chestnut by setting a fire that raged out of control for hours.

        3.       The strength and nature of the case against the defendant combined with the strong likelihood that the defendant will be incarcerated for a long time, establishes the defendant's danger to the community and increases the high risk that the defendant will not appear as required by the Court.

Therefore, IT IS ORDERED that the defendant be committed to the custody of the Attorney General for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; that the defendant be afforded reasonable opportunity for private consultation with counsel; and that, on order of a Court of the United States, or on request of an attorney for the government, the person in charge of the correctional facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

BY THE COURT:

_____
HONORABLE TIMOTHY R. RICE
United States Magistrate Judge

2