IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| v. : | **Criminal No. 19-414-01** |
| **IMAD DAWARA, and** : | |
| **KNIGHTS ABSTRACT** : | |
| **416 E. Street Road** | |
| **Feasterville, Pennsylvania 19053,** : | |
| Garnishee. : | |

**ORDER TERMINATING WRIT OF GARNISHMENT**

AND NOW, this _____ day of May, 2021, upon consideration of the government's application pursuant to 28 U.S.C. § 3205(c)(10) and the All Writs Act, 28 U.S.C. § 1651, to terminate the *ex parte* pre-judgment writ of garnishment issued on May 12, 2021 in this case, and the government having advised the Court that the Writ no longer is required as it is able to receive the defendant's substantial non-exempt property or rights to property without the need of a formal garnishment proceeding, for cause shown, the Court concludes that it should grant the motion, and, therefore, it is hereby

ORDERED that the Motion of United States of America to Terminate Writ of Garnishment is GRANTED; and it is further

ORDERED that the *Ex Parte* Writ of Garnishment issued on May 12, 2021 to the Garnishee, Knights Abstract, is terminated; and it is further

- 2 -

ORDERED that counsel for the government shall forthwith serve a copy of this Order upon the Garnishee.

 

 

**HONORABLE JUAN R. SANCHEZ**
**Chief United States District Judge**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| v.  : | Criminal No. 19-414-01 |
| **IMAD DAWARA, and** : | |
| **KNIGHTS ABSTRACT**  : | |
| **416 E. Street Road** | |
| **Feasterville, Pennsylvania 19053,** : | |
| Garnishee.  : | |

## MOTION OF UNITED STATES OF AMERICA
## TO TERMINATE WRIT OF GARNISHMENT

Pursuant to 28 U.S.C. § 3205(c)(10) and the All Writs Act, 28 U.S.C. § 1651, the United States of America, by its attorneys, respectfully moves this Court to terminate the *ex parte* pre-judgment Writ of Garnishment issued on May 12, 2021 in this case. In support of this motion, the government avers as follows:

1. As a result of his guilty plea agreement, the defendant, Imad Dawara, owes a debt of more than $20 million to the United States, namely, restitution that is to be imposed at the time of sentencing in this case.

2. Pursuant to their agreement with the government, the defendants, Imad Dawara and Bahaa Dawara, agreed to pay a total of $1 million toward restitution prior to the time of sentencing. The defendants intend to fund this payment from the sale of real properties they own.

3.  Bahaa Dawara recently liquidated two properties and paid over $366,555 to the Clerk of Court. These funds remain on deposit with the Clerk and are available for distribution to victims once this Court enters a restitution order.

4.  Imad Dawara also intends to pay restitution from the proceeds of sale of his residence located in Swarthmore, Delaware County, Pennsylvania.

5.  Imad and Bahaa Dawara, and their company, are subject to a default judgment entered by this Court. *Morgan, et al. v. RCL Management, LLC, et al.*, No. 18-CV-800 ("Civil Action"). On June 23, 2020, this Court awarded the three plaintiffs total damages of approximately $114,000 and attorneys' fees and costs of approximately $21,000. ECF No. 36. The government is not aware that these plaintiffs are attempting to collect this debt, nor does it appear from public records that the plaintiffs recorded a lien against Dawara's residence relating to the default judgment.

6.  In order to preserve its interest in the proceeds from the sale of Imad Dawara's residence, on May 12, 2021, this Court granted the government's *ex parte* application and issued a Pre-Judgment Writ of Garnishment to the Garnishee, Knights Abstract. The government thereafter notified the Garnishee and counsel for Imad Dawara of the Writ. The government to date has not served the Writ upon any other party.

7.  The government sought this Writ, out of an abundance of caution, to preserve its interest in the proceeds due and payable to Dawara from the sale of his residence in the event the plaintiffs in the Civil Action recorded a lien prior to the sale.

8.  On Friday, May 14, 2021, Imad Dawara completed the sale of his residence that resulted in a total of $377,573.65 in net proceeds that are due and payable to him.

These funds remain in the custody, possession, and control of the title clerk, Garnishee Knights Abstract, pending further Order.[1]

9. 28 U.S.C. § 3205(c), which provides the procedures for the issuance of writs of garnishment, specifically provides:

> A garnishment under this chapter is terminated only by—
>
> (A) a court order quashing the writ of garnishment;
>
> (B) exhaustion of property in the possession, custody, or control of the garnishee in which the debtor has a substantial nonexempt interest (including nonexempt disposable earnings), unless the garnishee reinstates or reemploys the judgment debtor within 90 days after the judgment debtor's dismissal or resignation; or
>
> (C) satisfaction of the debt with respect to which the writ is issued.

28 U.S.C. § 3205(c)(10).

10. This Court also has the discretion to terminate the Writ pursuant to the All Writs Act, which provides that "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a).

11. As of May 14, 2021, the plaintiffs in the Civil Action did not record a lien against Imad Dawara concerning the default judgment. Further garnishment proceedings thus are no longer necessary to preserve the government's interest in the sale proceeds. Accordingly, Imad Dawara now may pay over the sale proceeds to the Clerk of Court

---

[1] The government does not object to the defendants' request to pay their attorneys $30,000 each (for a total of $60,000) from the sale proceeds for legal services provided in this case and Criminal No. 20-104.

pursuant to his prior agreement with the government, less any fees payable to counsel for the defendants.

12. The government submits that cause exists to grant the motion because it no longer is necessary to preserve the funds here pursuant to the Writ. Granting the motion also will obviate any delay associated with a formal garnishment proceeding that includes notice to interested parties, the garnishee filing an answer to the Writ, objections to the Writ, and possible hearing and motion for a final garnishment order.

WHEREFORE, for the reasons set forth above, the government requests that this Court grant its motion.

Respectfully submitted,

JENNIFER ARBITTIER WILLIAMS
Acting United States Attorney

 /s/  Jeanine M. Linehan
JEANINE M. LINEHAN
Assistant United States Attorney
Chief, Violent Crimes and Firearms Section

 /s/  Joseph F. Minni
JOSEPH F. MINNI
Assistant United States Attorney
Deputy Chief, Asset Recovery and
Financial Litigation Section

 /s/  Katherine Driscoll
KATHERINE DRISCOLL
Assistant United States Attorney

Date: May 17, 2021.

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that a true and correct copy of the MOTION OF UNITED STATES OF AMERICA TO TERMINATE WRIT OF GARNISHMENT was electronically filed in the Clerk's Office Electronic Case Filing (ECF) system and is available for viewing and downloading from the ECF system, and that a true and correct copy was served by electronic filing and/or electronic mail, as follows:

> Stephen Patrizio, Esquire
> DRANOFF & PATRIZIO, P.C.
> 2 Penn Center
> Suite 1205
> 1500 John F. Kennedy Boulevard
> Philadelphia, PA 19102
>
> Gerald Stein, Esquire
> 1500 Market Street
> Suite 2727
> Centre Square West
> Philadelphia, PA 19102-2146
>
> Knights Abstract
> Attn: Jeanne O'Neil
> 416 E. Street Road
> Feasterville, Pennsylvania 19053
> (by electronic mail)

                                                 /s/  Joseph F. Minni
                                                 JOSEPH F. MINNI
                                                 Assistant United States Attorney

Date: May 17, 2021.