IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | NO.: 19-414 & |
| | : | 20-104 |
| **IMAD DAWARA** | : | |

### SENTENCING MEMORANDUM

Imad Dawara, by his counsel undersigned, respectfully submits the following Memorandum.

Some of the relevant details of this case are that the defendant entered a guilty plea and took responsibility for his actions. He has surrendered significant amounts of money to the government to be used as partial restitution to the victims in this case.

Mr. Dawara prays that this Court sentence him consistent with the guilty plea agreement reached in this matter which asks for a sentence of seven years imprisonment and three years of supervised release for Count One in regards to Criminal Number 19-414 and a sentence of two years imprisonment and three years of supervised release for Count One in regards to Criminal Number 20-104. The sentences are to be served consecutively. Additionally, the parties agreed that the restitution in this matter shall be ordered jointly against Imad Dawara and his brother, co-defendant, Bahaa Dawara in the amount of $22,000,000 in regards to Criminal Number 19-414 and restitution shall be ordered against Imad Dawara in the amount of $199,808 in regards to Criminal Number 20-104.

At sentencing, the Court must follow a three-step process:

1) The Court should correctly calculate the defendant's applicable Guidelines sentencing range.

1

2) The Court must permit both parties to argue for a particular sentence, and subsequently rule on any motions presented by the parties. Then, on the record, the Court must state how that ruling affects the guidelines calculation.

3) The Court should then consider all of the 18 U.S.C. § 3553(a) factors to establish whether they corroborate the sentence being requested by a party. This consideration is due regardless of whether it differs from the sentence established by the Guidelines; the Guidelines may not be presumed reasonable.

*See* Rita v. United States, 551 U.S. 338, 381-82 (2007); *see also* Gall v. United States, 128 S. Ct. 586, 596-97 (2007).

Since United States v. Booker, 543 U.S. 220 (2005), the Second Circuit has explained that the Court must consider the sentencing Guidelines range as advisory and in conjunction with the relevant factors under 18 U.S.C. § 3553(a) when determining the defendant's ultimate sentence. *See* United States v. Marino, 309 Fed. Appx. 523, 524 (2d Cir. 2009) (explained that a district court's sentencing is "procedurally proper" when the sentencing Guidelines have been considered along with the § 3553(a) factors); *see also* United States v. Middleton, 325 F.3d 386, 389 (2d Cir. 2003). This analysis is due when "'there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines . . . .'" U.S.S.G. § 5K2.0 (quoting 18 U.S.C. § 3553(b)).

Congress established the sentencing Guidelines in a way that prevents unwarranted sentencing disparities, while also "'maintaining sufficient flexibility to permit individualized sentences when warranted.'" Booker, 543 U.S. at 264 (quoting 28 U.S.C. 991(b)(1)(B)). Additionally, the role a defendant plays in a larger illegal scheme may warrant a disparity in

sentencing for the different defendants.  *See* United States v. Shope, 509 F. Supp. 1170, 1171 (N.D. Ohio 1981)(granted a reduction of sentence based upon defendant's lesser role in the larger scheme of criminal activity).  This process is precisely the type of fact-based inquiry that a sentencing court is properly suited to reach.  United States v. Tomko, 562 F.3d 558, 572 (3d Cir. 2009).

## I. PROCEDURAL HISTORY

On July 18, 2019, Imad Dawara, was charged by indictment in regards to CR-19-414 with conspiracy to commit arson (18 U.S.C. § 844(n) (Count One) and related charges.

On February 27, 2020, he was also charged by indictment in regards to CR-20-104 with conspiracy to defraud the United States (18 U.S.C. § 371) (Count One).

On February 25, 2021, Imad Dawara pleaded guilty to Count One of both indictments.  In the guilty plea agreements the parties agreed to a sentence of seven years imprisonment and three years of supervised release for Count One in regards to Criminal Number 19-414 and a sentence of two years imprisonment and three years of supervised release for Count One in regards to Criminal Number 20-104.  The sentences are to be served consecutively.  Additionally, the parties agreed that the restitution in this matter shall be ordered jointly against Imad Dawara and his brother, co-defendant, Bahaa Dawara in the amount of $22,000,000 in regards to Criminal Number 19-414 and restitution shall be ordered against Imad Dawara in the amount of $199,808 in regards to Criminal Number 20-104.

It was also agreed by letter agreement of October 23, 2020, that the defendants (Imad Dawara and Bahaa Dawara) would pay $1,000,000 towards the restitution with $500,000 being paid at or before the time of the guilty plea and with the other $500,000 being paid no later than 90 days after sentencing.  Sentencing is currently scheduled for June 22, 2021.

## II. SENTENCING UNDER BOOKER

In <u>United States v. Booker</u>, the Supreme Court modified the Sentencing Reform Act of 1984 to make the Federal Sentencing Guidelines advisory, not mandatory. 543 U.S. 220, 246 (2005). The Court found the provision of the federal sentencing statute that makes the Guidelines mandatory, 18 U.S.C. § 3553(b)(1), to be a violation of the Sixth Amendment. <u>Booker</u>, 543 U.S. at 246. Additionally, the Court found the provision of the federal sentencing statute that relies upon the Guidelines' mandatory nature, 18 U.S.C. § 3742(e), to also be incompatible with its Sixth Amendment holdings in <u>Blakely v. Washington</u>, 542 U.S. 296 (2004) and <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). <u>Booker</u>, 543 U.S. at 246. The Sentencing Reform Act requires the Court to consider the Guidelines ranges, 18 U.S.C. § 3553(a)(4), but also allows the Court to determine the sentence in conjunction with other statutory considerations, § 3553(a); *see also* <u>Booker</u>, 543 U.S. at 245-46.

In determining the sentence, the Court must "impose a sentence sufficient, but not greater than necessary to comply with the purposes set forth in paragraph (2)." 18 U.S.C. § 3553(a). The goals of sentencing include:

"(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and,

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." *Id.* § 3553(a)(2).

The statute also directs the Court to consider the following factors in determining the sentence to be imposed:

4

1) "the nature and circumstances of the offense and the history and characteristics of the defendant," *id.* § 3553(a)(1);

2) "the kinds of sentences available," *id.* § 3553(a)(3);

3) "any pertinent policy statement," *id.* § 3553(a)(5);

4) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," *id.* § 3553(a)(6);

5) "the need to provide restitution to any victims of the offense," *id.* § 3553(a)(7); and,

6) the statutory sentencing provisions' explicit language emphasizing that "imprisonment is not an appropriate means of promoting correction and rehabilitation," *id.* § 3582(a).

Importantly, this list is not exhaustive; when determining the appropriate sentence to impose, no restrictions shall be placed on information regarding the defendant's "background, character, and conduct." *Id.* § 3661.

Thus, Booker and the statutory sentencing provisions make it clear that the advisory Guidelines range is only one of several factors for the Court to consider in determining an appropriate sentence. Booker, 543 U.S. at 246; *see also* Gall, 128 S. Ct. at 596-97. The Court's primary obligation is to conduct an independent review of the sentencing factors, which include both the Guidelines ranges and the § 3553(a) factors. S*ee also* Rita, 551 U.S. at 381-82; *see also* Marino, 309 Fed. Appx. at 524;   This sentencing procedure is due whether or not the determined sentence range is within the advisory Guidelines range. *See* Gall, 128 S. Ct. at 596-97 (held that the Court "may not presume that the Guidelines range is reasonable"). Finally, the Court must also balance the statutory sentencing provisions' explicit language asserting that "imprisonment is not an appropriate means of promoting correction and rehabilitation." 18 U.S.C. § 3582(a).

**HISTORY AND CHARACTERISTICS OF THE DEFENDANT**

Defendant Imad Dawara has no criminal record other than the charged offenses in this matter.  Prior to his involvement in the instant offenses, Imad Dawara was living the American dream and had made a great life for himself.  He was born in 1979 in Libya and lived in Syria from 1979 to 2001 when he immigrated to the United States.  He became a naturalized citizen on May 24, 2006.  He is married to his wife Abeer and they have two children, Hisham and Tammam, ages 13 and 10 respectively.

The Defendant is from the very tight-knit Syrian-American community.  He has worked very hard to establish several businesses and support his family.  It is extremely unfortunate that when faced with financial difficulties, he and his brother resorted to arson to solve their financial troubles.  He committed a very serious crime and the agreed upon aggregate sentence of nine years in prison will take him away from his family for a very long time and is an appropriate sentence in this matter.

2. **CONSIDERATION OF THE GENERAL PURPOSES OF SENTENCING**

**A. To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.**

A sentence of nine years in prison would satisfy the requirement to reflect the seriousness of the crime, to promote respect for the law and to provide just punishment for the offense.

**B. To afford adequate deterrence to Criminal Conduct.**

Other than the instant criminal conduct, Defendant Dawara is the classic American success story.  He is embarrassed and extremely remorseful for what he has done to himself, his family and his community.  A sentence of nine years in prison will provide adequate deterrent to future criminal conduct and allow the Defendant to continue to work and support his family upon his release from prison.

**C. To protect the public from further crimes of the Defendant.**

This Defendant has learned from his mistakes and the chance of future crimes is extremely minimal.  A sentence of nine years in prison and a significant amount of supervised release will provide adequate protection to the public from future crimes of the Defendant.

**D. To provide needed educational or vocational training or other correctional treatment.**

The Defendant will be incarcerated for nine years which will give him an opportunity to receive any necessary correctional treatment.  He is not in need of any educational or vocational training.

**E. The need to prevent unwarranted sentencing disparities.**

Imad Dawara's sentence should be consistent with sentences of other defendants with similar offense conduct and similar criminal records.  The Government has submitted and the defense agrees that the sentence agreed upon by the parties and recommended to the court, fairly accounts for the nature of the Defendant's crimes.  As such, the defense does not believe that the recommended sentence does disservice to the Sentencing Commission's policies or goals, nor does it create unwarranted sentencing disparity.

## IV. RESTITUTION

As stated above, the Defendants agreed to pay $1,000,000 towards the Court ordered restitution with $500,000 being paid at the time of the guilty plea agreements and with $500,000 being paid within 90 days of the sentencing date.  To facilitate the restitution payment, the Defendants agreed to liquidate seven properties.  To date, three of the properties have been sold and the four others are under listing contracts.  There have been some problems with selling the properties as some of the properties have tenants in them who have refused to pay their rent and refused to cooperate with listing the properties for sale.  There has been a moratorium on

evictions because of the worldwide pandemic and the Defendants' families have been working diligently to get the properties sold and to satisfy the initial restation payment of $1,000,000. To date, the Government has collected over $500,000 and it is anticipated that the balance of the $1,000,000 will be paid over the next few months.

## V. CONCLUSION

Imad Dawara made the mistake of his life when he agreed with his brother to commit arson in the hope of collecting insurance proceeds to satisfy their mounting financial problems. He will live with that fact for the rest of his life. An aggregate sentence of nine years reflects the seriousness of the crime committed and will serve as an adequate deterrence to prevent the Defendant from committing future crimes.

Imad Dawara is currently 41 years old and will be almost 50 when he is released from custody. He will miss being with his children during their most formative years as they are now 13 and 10 and will be 21 and 18 when he is released.

Being released at 50 will give the defendant the opportunity to try and rebuild his life and to try to reclaim the American dream that was once his. It will also afford the Defendant the opportunity to pay towards the restitution to try in some small way to make amends (albeit financial) to the victims of this crime.

For the above stated reasons, it is requested that the Defendant be sentenced to the agreed upon aggregate sentence of nine years with supervised release and restitution to be ordered as outlined above.

Respectfully submitted,

Spp8973
_____
STEPHEN P. PATRIZIO, ESQUIRE
Attorney for Imad Dawara

**CERTIFICATE OF SERVICE**

The undersigned, Stephen P. Patrizio, Esquire, hereby certifies that a true and correct copy of the within Sentencing Memorandum was duly served upon the following through the Court's electronic filing system.

Honorable Juan R. Sanchez
Chief Judge, United States District Court Judge
James Byrne Courthouse
601 Market Street, Rm. 10614
Philadelphia, PA 19106

Jeanine M. Linehan, Esquire
Katherine Driscoll, Esquire
Assistant United States Attorneys
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106

By:     spp8973
STEPHEN P. PATRIZIO, ESQUIRE

DATED: 06/21/2021