IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | Nos. 19-414-01 and 20-104-01 |
| | : | |
| IMAD DAWARA | : | |

## MEMORANDUM

**Juan R. Sánchez, J.**                                            **December 11, 2024**

Imad Dawara, who is currently serving a 108-month sentence for conspiracy to commit arson and conspiracy to defraud, has filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Dawara alleges his medical condition and family circumstances present extraordinary and compelling reasons for relief. Because Dawara fails to make the required showing that his medical condition is not being managed in prison or his family lacks a caretaker, the motion is denied.

## BACKGROUND

On July 18, 2019, Imad Dawara was charged by indictment with conspiracy to commit arson in violation of 18 U.S.C. § 844(n) and other offenses.[1] Specifically, the indictment charged that on February 18, 2018, Dawara and his brother, Bahaa Dawara, conspired to burn down a building to collect on an insurance policy. The fire caused significant damage, including the complete destruction of private residences and businesses, injuries to firefighters, damage to adjacent buildings, death of pets, and a million dollars in losses to victims and the City of Philadelphia. On February 27, 2020, Dawara was also charged in a one-count indictment with

---

[1] Criminal No. 19-cr-414-01.

conspiracy to defraud the United States in violation of 18 U.S.C. § 371 by failing to accurately report and pay federal income taxes owed for the years of 2015, 2016, and 2017.[2]

On February 25, 2021, Dawara pleaded guilty to the conspiracy to commit arson and the conspiracy to defraud the United States charges. Pursuant to the plea agreement, he also stipulated that he and his wife unlawfully received $15,137.52 in Medicaid benefits in violation of 18 U.S.C. § 1035. On June 22, 2021, Dawara was sentenced to a total of 108 months imprisonment, consisting of concurrent sentences of 108 months on the conspiracy to commit arson count and 60 months on the conspiracy to defraud count, to be followed by a total of five years of supervised release. He was also ordered to pay a $200 special assessment and $22,214,945.52 in restitution. Since the sentencing, he has been incarcerated at Federal Correctional Institution (FCI) Fort Dix in New Jersey. According to the Bureau of Prisons (BOP) inmate locator, Dawara's projected release date is June 26, 2026.

Dawara filed a pro se motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) on July 11, 2023. The Government filed a response in opposition on August 24, 2023. Dawara then filed a counseled supplemental motion on October 16, 2023, and the Government filed a supplemental opposition on November 15, 2023. The Court held a hearing on the motion on July 17, 2024.

Dawara raises two arguments in favor of release. First, he claims that his medical condition presents an extraordinary and compelling reason for relief. Def.'s Mot. Comp. Rel. 6, ECF No. 108.[3] Dawara suffers from a chronic ischemic heart condition that has required two cardiac stents, as well as mental disorders and other medical issues—such as kidney stones, a hernia, and high

---

[2] Criminal No. 20-cr-104-01.

[3] All ECF cites refer to the Criminal No. 19-cr-414-01 docket.

cholesterol.[4] *Id*. at 15-17. According to Dawara, the BOP has been inadequately treating his medical issues and release from prison is necessary to allow him to seek proper medical care. *Id*. at 17, 20. Second, he claims that his family circumstances warrant relief. *Id*. at 7. According to Dawara, his wife—who is now the primary caretaker of their two children—is suffering from a "spinal deformity" that makes her incapable of taking care of herself or the family. *Id*. at 21.

The Government opposes Dawara's motion. While conceding Dawara's chronic ischemic heart condition is serious, the Government maintains this condition is being adequately treated and managed by the BOP. Gov't's Opp'n 13-15, ECF No. 113. To support this claim, the Government points to Dawara's BOP Medical Record, which documents Dawara's care in prison. *Id*. at 15-16. Dawara was diagnosed with the heart condition and received the cardiac stents while under the care of the BOP. *Id*. at 15; Dawara BOP Medical Record, ECF No. 114 at 25. Dawara has since received and continues to receive follow up care for the heart condition. Gov't's Opp'n 15, ECF No. 113. The Government also asserts Dawara's other medical issues are not serious conditions warranting relief and are nonetheless being adequately treated by the BOP. *Id*. at 7, 15-16. As to Dawara's family circumstances, the Government argues his wife's medical issue is mild and not incapacitating.[5] *Id*. at 19. Further, the Government alleges Dawara's wife and two sons have been

---

[4] Dawara asserts that "a review of his medical records show reference to bladder cancer, which no physician has ever discussed with him." ECF No. 108 at 17. Dawara's BOP Medical Record does not show a diagnosis of bladder cancer, and Dawara does not support this assertion with any record of his own.

[5] The wife's medical record states she has "[m]inimal cervical spondylosis" with mild symptoms. ECF No. 108 at 39-41.

residing with Dawara's parents since the arrest, and the family circumstances have not changed.[6] *Id*. at 19-20.

**DISCUSSION**

A sentencing court has limited authority to modify a term of imprisonment it has imposed. A court may not modify a term of imprisonment, except as expressly permitted by statute or by Federal Rule of Criminal Procedure 35. *See United States v. Washington*, 549 F.3d 905, 916 (3d Cir. 2008) (recognizing that 18 U.S.C. § 3582(c) and Rule 35 "define the full scope of the district court's power to correct a sentence"); 18 U.S.C. § 3582(c) (providing that a court "may not modify a term of imprisonment once it has been imposed," except as set forth in § 3582(c) or "to the extent otherwise expressly permitted by statute or by Rule 35"). Here, Dawara invokes the Court's authority pursuant to the compassionate release provision of 18 U.S.C. § 3582(c)(1), which provides, in relevant part, that a court:

> may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction; . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).[7] In other words, a court may grant a motion for compassionate release if the defendant shows "the sentence reduction is (1) warranted by 'extraordinary and compelling

---

[6] According to Dawara's Presentence Investigation Report (PSIR), his wife and children live with his parents at his father's home. PSIR ¶¶ 112-116. The wife is a homemaker, who has never worked outside of the home. *Id.*

[7] The compassionate release statute also includes an exhaustion requirement for prisoner-initiated motions. A defendant may move for compassionate release after he "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf

reasons'; (2) 'consistent with applicable policy statements issued by the Sentencing Commission'; and (3) supported by the traditional sentencing factors under 18 U.S.C. § 3553(a), to the extent they are applicable." *United States v. Andrews*, 12 F.4th 255, 258 (3d Cir. 2021); *United States v. Fields*, 569 F. Supp. 3d 231, 235 (E.D. Pa. 2021) ("The defendant bears the burden of showing relief is warranted").

The applicable policy statement is set forth at U.S.S.G. § 1B1.13, which describes various categories of circumstances in which extraordinary and compelling reasons would exist based on the defendant's medical and family circumstances, among other considerations.[8] Regarding a defendant's medical condition, the policy statement provides that extraordinary and compelling reasons exist if, inter alia:

(B)    [t]he defendant is—

   (i)    suffering from a serious physical or medical condition,

   (ii)   suffering from a serious functional or cognitive impairment, or

   (iii)  experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover [or]

(C)    [t]he defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

_____

or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The Government concedes Dawara has satisfied the administrative exhaustion requirement. Gov't's Opp'n 6, ECF No. 113.

[8] At the time Dawara filed his pro se motion in July 2023, there was no "applicable policy statement" for prisoner-imitated compassionate release motions. *See Andrews*, 12 F.4th at 259. The policy was amended effective November 1, 2023. The Court applies the updated policy statement here.

U.S.S.G. § 1B1.13(b)(1). Regarding a defendant's family circumstances, extraordinary and compelling reasons may exist based on:

> (A)     [t]he death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition [or]

> (B)     [t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

U.S.S.G. § 1B1.13(b)(3). "To prove incapacitation, a defendant must establish a person is 'completely disabled' or unable to 'carry on any self-care and . . . totally confined to a chair or bed.' Moreover, it is not enough to show a potential caregiver is merely 'inconvenienced' by the childcare or 'somewhat sick.'" *United States v. Rooks*, Crim. 21-038, 2022 WL 267899, at *6 (E.D. Pa. Jan. 28, 2022) (citations omitted).

Extraordinary and compelling reasons also exist if the defendant "presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described [above]." U.S.S.G. § 1B1.13(b)(5).

As a preliminary matter, only Dawara's chronic ischemic heart condition is a serious medical condition under Section 1B1.13.[9] Dawara has failed to demonstrate that the chronic ischemic heart condition requires long-term or specialized care that is not being provided in prison. Rather, his BOP Medical Record suggests that his medical issues are being managed by BOP. He

---

[9] Dawara's other medical conditions—kidney stones, a hernia, and high cholesterol—are not serious medical conditions rising to the level of extraordinary and compelling circumstances. *See United States v. Ali*, Crim. No. 07-0042-2, 2024 WL 3161749 (E.D. Pa. June 25, 2024) (finding that hypertension, prediabetes, spinal stenosis, and thyroid disorder "are not so dire as to rise to the level of extraordinary and compelling circumstances"). Nonetheless, the Government notes, and Dawara's BOP Medical Record demonstrates, that he has received treatment for these conditions, including numerous procedures for the kidney stones. Gov't's Opp'n 15, ECF No. 113; *see, e.g.*, Dawara BOP Medical Record 13, 54, 75, ECF No. 114.

receives frequent medical attention, can consult medical professionals, and has access to medications and surgeries when needed. Further, Dawara does not specify the care he would receive outside of prison that BOP is not providing.[10] The record also shows Dawara is able to provide self-care while in prison. Dawara complains of chest pain and shortness of breath with daily activities, but his medical record does not demonstrate any issues that diminish his ability for self-care, and the Government asserts that he is able to engage in all normal activities of daily living. Def.'s Supp. Mot. 18, ECF No. 121; Gov't's Opp'n 8, ECF No. 113. Daily pain and suffering, without a particular showing of extraordinary circumstance, does not warrant compassionate release relief. *See United States v. Polnitz*, Crim. No. 17-201, 2020 WL 1139836, at *2 (E.D. Wis. Mar. 9, 2020) ("Many inmates suffer from pain and mental illness"). In addition, on December 3, 2024, Dawara was seen by a cardiologist—who reported that Dawara was in "clinically stable" condition.[11] Dec. 3 Dr.'s Rep. 20, ECF No. 129-1. Accordingly, Dawara fails to show that his medical condition presents an extraordinary and compelling reason for compassionate release.

      He also fails to show that his family circumstances warrant compassionate release. According to the medical record submitted by Dawara, his wife's condition is mild and fails to meet the "completely disabled" standard required for incapacitation. He has failed to show that she cannot take care of herself or the children. In addition, the record suggests that she is not the

---

[10] Dawara's complaints about the inadequacy of the medical care provided at FCI Fort Dix are constitutional issues that are subject to the administrative requirements of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e. *See United States v. Pigford*, Crim. No. 20-414, 2023 WL 2285825, at *4 (E.D. Pa. Feb. 28, 2023).

[11] The cardiologist, Dr. John L. Caplan, also found that Dawara presented with no current complaints and his hemodynamics were stable. Dec. 3 Dr.'s Rep. 18-20, ECF No. 129-1. Dawara will continue to be seen "as needed." *Id*. at 20.

only caretaker for the family. The wife and children reside with Dawara's parents, who are presumably able to assist in asking care of the children.[12]

**CONCLUSION**

Because Dawara fails to demonstrate that his medical condition and family circumstances present extraordinary and compelling reasons for compassionate release, his motion will be denied.

An appropriate Order follows.

BY THE COURT:


    /s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

[12] Because Dawara fails to show extraordinary and compelling reasons for compassionate release, the Court need not reach the § 3553(a) factors.